**ANADARKO PETROLEUM CORPORATION, et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Amoco Production Company, et al., Intervenors**

**Nos. 98–1227 to 98–1232, 98–1297 and 98–1298.**

United States Court of Appeals, District of Columbia Circuit.

Filed Jan. 21, 2000.

Before: EDWARDS, Chief Judge, SENTELLE and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Subsequent to our decision of October 29, 1999, the Commission petitioned for rehearing seeking clarification on the issue of the effective date for refunds discussed in Part V of our opinion. *See Anadarko Petroleum Corp. v. FERC*, 196 F.3d 1264, 1269–70 (D.C.Cir.1999). Information presented to the Commission in other proceedings indicated that two of the factual assumptions upon which our opinion was premised were incorrect. First, contrary to this panel's understanding, *see id.* at 1270, the tax assessment sent to the producers by the State of Kansas between

October and November of a given year was for the same calendar year and not the previous year. Second, the Commission discovered that producers most commonly sought reimbursement of the Kansas *ad valorem* tax from their customers in lump sum transactions and not by "raising their prices in individual transactions." *Id.* Thus, the Commission was uncertain how to give effect to the court's holding that "it is the overcharges made in those individual transactions (plus interest) that the producers must now repay." *Id.*

Whatever the nature of these transactions, the principle embodied in our decision remains unchanged. The Kansas tax should not have been subject to reimbursement for sales exceeding the maximum lawful price under § 110 of the Natural Gas Policy Act of 1978, 15 U.S.C. § 320(a)(1) (1988) (repealed). However, the producers did not have notice that this practice was questionable until October 4, 1983. *See Anadarko,* 196 F.3d at 1266 (describing our earlier holding in *Public Service Co. of Colorado v. FERC,* 91 F.3d 1478, 1490 (D.C.Cir.1996)). If the producers collected tax reimbursements from their customers after that date, whether by lump sum transactions or by any other means, they did so unlawfully and must refund the amounts collected with interest, provided that the tax reimbursements caused their sales to exceed the maximum lawful price. We leave to the Commission the unenviable task of applying this principle to the facts of ancient transactions.

\* \* \*

The petition for rehearing is granted. The portions of our opinion of October 29, 1999, which are inconsistent with this opinion are withdrawn. The orders under review are vacated insofar as the question of refund dates is concerned and this issue is remanded to the Commission for further

proceedings consistent with this clarification.